**Ernest Warren, Jr., OSB #891384**
E-Mail: e.warren@warrenpdxlaw.com
Warren & Sugarman
838 SW First Avenue, Suite 500
Portland, Oregon   97204
Tel: (503) 228-6655
Fax: (503) 228-7019

**Attorney for Defendant Robert Evans Mahler**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **No.  3:16-CR-00105-AA-1** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE** |
| **ROBERT EVANS MAHLER,** | |
| **Defendant.** | |

I.    INTRODUCTION

On March 8, 2016, defendant Robert Evans Mahler, was indicted on charges of felon in possession of firearm in violation of 18 U.S.C. §922(g)(1). After defendant's arraignment, he discovered that a surveillance camera had video-recorded what appears to be a government agent entering his personal residence at a date and time not covered by a judicially issued search warrant in this case. Images from the video-recordings show what appear to be a person with "ATF" on the back of a camouflaged uniform entering defendant's personal residence. The date and time feature on the video-recording are January 25, 2016, at approximately 12:37 AM.

Accordingly, defendant moves for suppression and exclusion of all evidence including, derivative evidence, in this case. A copy of the video-recording is attached as Defendant's Exhibit 101.

II.    LEGAL ANALYSIS.

    a.  Establish Governmental Action.

In *U.S. v. Jacobsen*, 466 U.S. 109, 113 (1984) the Supreme Court stated:

> [The Supreme Court] has also consistently construed [the Fourth Amendment's] protection as proscribing only governmental action…

    b.  Establish a Reasonable Expectation of Privacy.

In *Kyllo v. U.S.*, 533 U.S. 27, 33 (2001), the Supreme Court stated:

> [A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable.

In *Minnesota v. Carter*, 525 U.S. 83, 88 (1998), the Supreme Court further stated:

> [I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate he personally has an expectation of privacy in the place searched, and his expectation is reasonable.

This threshold inquiry is referred to by the Supreme Court as "standing." *See, Rakas v. Illinois,* 439 U.S. 128, 140 (1978). Once a reasonable expectation of privacy has been established, a search without a warrant will only be "reasonable" if it falls within a specific exception to the warrant requirement. *See*, *Riley v. California,* 134 S. Ct. 2473, 2482 (2014). The Supreme Court has said that "[R]easonableness generally requires the obtaining of a judicial warrant." *Vernonia School District 47J v. Acton,* 515 U.S. 646, 653 (1995). The Judicial Warrant requirement is at best a generalization to numerous exceptions. *See, e.g. Arizona v. Gant*, 556 U.S. 332, 338 (2009).

    c.  The Reasonable Expectation of Privacy in the Home.

**Page 2 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Furthermore, the Supreme Court has said, "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." *Groh v. Ramirez*, 540 U.S. 551, 559 (2004). The Supreme Court has also said, "With few exceptions, the question whether a warrantless search of a home is reasonable and hence constitutional must be answered no." *Kyllo v. U.S.*, 533 U.S. 27. 31 (2001).

      d.  Application of Facts to the Law.

The ATF is the government agency in this case. *U.S. v. Jacobsen*, 466 U.S. 109, 113 (1984). Defendant had a subjective expectation of privacy in his home. *Silverman v. U.S.*, 365 U.S. 505, 511(1961). The ATF's warrantless search on or about January 25, 2016 was presumptively unreasonable. *Groh v. Ramirez,* 540 U.S. 551, 559 (2004). The question whether the warrantless search defendant's home was reasonable must be answered "no." *Kyllo v. U.S.*, 553 U.S. 27, 31 (2001).

Accordingly, all of the government's evidence, including derivative evidence, must be suppressed and excluded in this case.

      e.  The Exclusionary Rule

In *Davis v. U.S.*, 131 S. Ct. 2419, 2423 (2011), the Supreme Court stated:

> The Fourth Amendment protects the right to be free from 'unreasonable searches and seizures,' but it is silent about how this right is enforced.

The 'Exclusionary Rule' "bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Id.* It prohibits introducing evidence of tangible materials seized during an unlawful search. *Murray v. U.S.*, 487 U.S. 533, 536 (1988). It also prohibits officer testimony gained from knowledge acquired during an unlawful search. *Id.* It also prohibits introducing derivative evidence, both tangible and testimonial that is acquired as an indirect result

**Page 3 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

of the unlawful search. *Id.* This derivative or indirectly acquired evidence is now known as the "fruit of the poisonous tree." *Wong Sun v. U.S.*, 371 U.S. 471, 484 (1963).

In this case, the warrantless search of defendant's home on January 25, 2016 was patently unreasonable. Accordingly, the Court should suppress and exclude all the evidence in this case.

III.     CONCLUSION

The defendant requests the Court odder the evidence in this case suppressed and excluded as the Court deems just and appropriate.

DATED this 7 day of December, 2017.

/s/ *Ernest Warren, Jr.*
Ernest Warren, Jr.
 Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a certified true copy of the **DEFENDANT'S**

**MOTION TO SUPPRESS EVIDENCE AND MEMORANDUM OF POINTS AND**

**AUTHORITIES IN SUPPORT OF DEFENDANT'S TO SUPPRESS EVIDENCE** in the

attached matter upon the parties listed below by notice of electronic filing using the CM/ECF

System as follows:

**Gregory R. Nyhus**
U.S. Attorney's Office
District of Oregon
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
503-727-1118
Fax: 503-727-1117

and filed the original with the Court on the date listed below.

DATED this 7 day of December, 2017.


**WARREN & SUGARMAN**

/s/Ernest Warren, Jr.
**Ernest Warren, Jr. OSB No. 891384**
Attorney for Defendant