BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**GREGORY R. NYHUS, OSB #913841**
Assistant United States Attorney
greg.r.nyhus@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:16-CR-00105-AA |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECUSAL |
| ROBERT EVANS MAHLER, | |
| **Defendant.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, through Gregory R. Nyhus, Assistant United States Attorney (AUSA) for the District of Oregon, provides this response to defendant's Motion for Judge to Recuse Herself From Case.

Defendant seeks recusal of the assigned trial judge, the Honorable Ann L. Aiken, based on an affidavit in which he describes statements made by the trial judge during a hearing in which the Court informed defendant he was "going to prison."  Defendant, although he clams to have incorporated the transcript of proceedings, has failed to do so.

///

I.   LEGAL STANDARDS

Title 28, United States Code, Section 455(a) provides "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further provides that the judge shall disqualify himself "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The denial of a recusal motion for an abuse of discretion. *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

The Supreme Court analyzed the evolution of these sections and the scope of their application in *Liteky v. United States*, 510 U.S. 540, 543-56 (1994). *Liteky* addressed both courtroom bias and the extrajudicial source doctrine. *Id.*, at 554-55. The Court held that judicial rulings or information acquired by the court in its judicial capacity will rarely support recusal. *Id.* at 555. The Court explained that if information is acquired during court proceedings, only exceptionally inflammatory information will provide grounds for recusal based on bias or prejudice:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id*. The Court also held that extrajudicial sources are neither necessary nor sufficient alone to warrant recusal on bias or prejudice grounds. Id. at 554.

Consistent with this analysis, the Ninth Circuit has provided an objective test for determining whether recusal is required: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v.*

*U.S. Dist. Court for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005).  Several factors that are ordinarily insufficient to require recusal including the following:

> [T]he mere fact that a judge has previously expressed . . . a dedication to upholding the law or *a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense*; [ ] prior rulings in the proceeding, or another proceeding, solely because they were adverse; [ ] mere familiarity with the defendant(s), or the type of charge, or kind of defense presented.

*Id.* at 1178-79 [emphasis added].

## II.    DISCUSSION

Judge Aiken's statements, based on the totality of the circumstances and the record before her, do not serve as bases for recusal.

Judge Aiken has access to numerous filings, including search warrants and their supporting affidavits, which describe the conduct forming the allegations in the Indictment.  Also available as a matter of public record, are the search warrant returns which indicate defendant was found in possession of 41 firearms, numerous magazines, and tens of thousands of rounds of ammunition.  Moreover, the indictment, alleges the possession of 17 firearms, the possession of which, under the United States Sentencing Guidelines, presumes a substantial period of incarceration.

Additionally, in his letter to the Court complaining that he was threatened, defendant admits - directly, if not indirectly - that he not only possessed the firearms in question, but that he obtained them from friends and family in different states.  In response, the Court noted that the government was doing its job in securing evidence necessary to prove its case and that witnesses were necessary, regardless of who they may be in relation to defendant.

Judge Aiken's statements – that he was going to prison – were based on her knowledge of the facts and circumstances of the matter before her, and reflected no personal animus against defendant. They did not display a "deep-seated favoritism or antagonism that would make fair judgment impossible," *id*., or suggest that her "impartiality might reasonably be questioned," 28 U.S.C. § 455(a). See also, *United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2010).

III.    CONCLUSION

Judge Aiken's statements, based on the totality of the circumstances and the record before her, do not serve as bases for recusal. Defendant's motion should be denied.

Dated this 29th day of December 2017.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Gregory R. Nyhus*
GREGORY R. NYHUS, OSB #913841
Assistant United States Attorney