BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**GREGORY R. NYHUS, OSB #913841**
Assistant United States Attorney
greg.r.nyhus@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:16-CR-00105-AA |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR OUTRAGEOUS GOVERNMENT CONDUCT |
| ROBERT EVANS MAHLER, | |
| **Defendant.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, through Gregory R. Nyhus, Assistant United States Attorney (AUSA) for the District of Oregon, provides this response to defendant's Motion to Dismiss for Outrageous Government Conduct.

The government denies that the conduct alleged in defendant's motion occurred.

I.      LEGAL STANDARD

"Outrageous government conduct occurs when the actions of law enforcement officers or informants are "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United States v. Russell*, 411 U.S. 423, 431-32, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973).  Dismissing an indictment for outrageous

government conduct, however, is "limited to extreme cases" in which *the defendant can demonstrate* that the government's conduct" violates fundamental fairness" and is "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011) (internal quotation marks omitted) (emphasis added).

Defendant must make a showing that the government's conduct shocked the universal sense of justice. *United States v. Williams*, 547 F.3d 1187, 1199 (9th Cir. 2008). The standard is an "extremely high standard." *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013); *United States v. Garza-Juarez*, 992 F.2d 896, 904 (9th Cir. 1993) (quoting *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991)). There are only two federal appellate court decisions which have reversed convictions for outrageous government conduct. *Id*., citing *United States v. Twigg*, 588 F.2d 373 (3rd Cir. 1978); *Greene v. United States*, 454 F.2d 783 (9th Cir. 1971).

The dismissal of an indictment because of outrageous government conduct may be predicated on alternative grounds: either a violation of due process, or on the court's inherent supervisory powers. *United States v. Luttrell*, 889 F.2d 806, 811 (9th Cir. 1989). Where the defendant invokes the Court's inherent supervisory power, the Court may grant the motion for any of the following three reasons: "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991); see also *United States v. Hasting*, 461 U.S. 499, 505, 103 S. Ct. 1974, 76 L. Ed. 2d 96 (1983). See also, *United States v. Larson*, No. 12-cr-00886-BLF-1, 2015 U.S. Dist. LEXIS 20770, at *12-13 (N.D. Cal. Feb. 19, 2015)

Defendant claims to have "video" evidence of an entry into his home that is not supported by a warrant, but fails to establish what, if any, conduct resulted in either seizure of property or obtaining a warrant. Defendant's motion fails to make a showing sufficient to establish outrageous government conduct, but rather seems only to argue that the government made a warrantless entry into his residence.

The government denies any such entry was made. All evidence in this matter was lawfully seized pursuant to a search warrant and supported by probable cause.

## II.   DISCUSSION

At the outset, the government denies that the ATF or any of its agents either visited, encroached upon or entered defendant's property or home as alleged in defendant's motion.

The government submits that the image offered by defendant does not support his claim and anticipates that evidence and testimony will establish the following:

1.   Defendant has merely submitted a still image. The image depicts an individual defendant claims is an ATF agent wearing a jacket emblazoned with "ATF" on the back standing near a door. Aside from defendant's assertion, there is no supporting evidence that it is defendant's home, or that entry was made.

2.   The image submitted by defendant does not accurately depict the jackets and uniforms currently issued to the ATF. Current issue depicts "ATF POLICE." Agents also have shirts without any writing on the back. ATF Industry Operations Investigators do have uniforms with "ATF" on them; however, these uniforms appear to be different than the garment portrayed in the image supplied by defendant. In addition, ATF Agents' jackets are dark in color and the image supplied by defendant appears to show a uniform that is light in color.

3.      The image supplied by defendant appears to have been taken from a Browning, Model BTC1XR camera commonly used as a "trail camera" by hunters. Defendant has not represented that the *original* media will be submitted. According to the instruction manual for a similar camera, the date and time stamps must be manually entered by the user, and may be displayed on the media.

4.      According to the instruction manual for a similar camera, the user can chose to have the temperature displayed on the captured video. Defendant's image shows a reading of 34 degrees Fahrenheit. According to uncertified NOAA data, the minimum temperature on that date for defendant's area was 41 degrees Fahrenheit.

### III.    CONCLUSION

Defendant's mere assertion, unsupported by a single frame from an uinverified still image is insufficient to support defendant's extraordinary remedy of dismissal. Accordingly, defendant's motion should be denied.

Dated this 29th day of December 2017.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Gregory R. Nyhus*
GREGORY R. NYHUS, OSB #913841
Assistant United States Attorney