IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT EVANS MAHLER,<br><br>Defendant. | Case No. 3:16-cr-00105-AA-1<br>**OPINION AND ORDER** |

AIKEN, District Judge:

In February 2016, defendant Robert Evans Mahler was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He now moves for me to recuse myself from presiding over this case, citing statements I made at a November 20, 2017 status conference. I orally denied the motion at a hearing on January 16, 2018. This opinion explains more fully the reasons for that denial.

A judge should recuse herself from any case where her "impartiality might reasonably be questioned" or where she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. In general, "personal knowledge of disputed evidentiary facts concerning the proceeding" does not

concern knowledge acquired through the usual course of court proceedings. With respect to information a judge learns through the usual pretrial process (*e.g.* suppression motions, pretrial conferences, etc.), "opinions formed by the judge . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). A defendant may move for recusal by filing a "timely and sufficient affidavit" setting out facts showing that the judge "has a personal bias or prejudice" against him. *Id.* § 144. The motion must be accompanied by an affidavit from counsel stating that the motion is made in good faith.

Prior to the November 20 status conference, defendant wrote me a letter describing how he felt threatened by the Assistant United States Attorney ("AUSA") assigned to his case when, during a meeting with defendant and his attorney, the AUSA mentioned, in the course of asserting that one of the guns defendant allegedly possessed had touched the state of Arkansas, that defendant's brother lived in Arkansas. Defendant interpreted the remark about his brother as a threat to his family.

I addressed the letter on the record at the November 20 status conference. In his affidavit supporting the motion for recusal, defendant asserts that in the course of talking about the letter, I stated that defendant "was 'going to prison' no matter how hard [he] tr[ies] to fight for [his] rights as a citizen of the United States." Mahler Aff. ¶ 3. Defendant did not have access to the transcript of the status conference when he made his affidavit. Defendant's attorney, Mr. Warren, certified that he believed the affidavit was made in good faith.

I have carefully reviewed the full transcript of the November 20 proceeding. The relevant portion of my remarks follows:

> So you've got a prosecutor who is determined to have this case move forward and he's been adamant about that all the way through. I've given you

> some accommodations with the idea that you can get some work done before you go to prison. Because as we know, the prison resources are dwindling. And healthcare issues are complicated when you have significant surgeries recommended. But we've gone past that now and we're going to move this case along.
>
> So if you have any other issues – it's not a surprise that you may not see eye-to-eye with the prosecutor, but as far as I read in this letter, he's not doing anything a prosecutor doesn't normally do in the course of their investigation.
>
> . . .
>
> So however you want to view [the prosecutor's] demeanor, it's always difficult to be in the position you're in, but he's pursuing this case he needs to in the normal course. And you need to comply with your lawyers so that we can move to a decision-making point in this particular case.
>
> And you can either negotiate a resolution of this particular case and resolve it or the motions will be heard and they will move it along and/or we will have a jury or a judge trial.

Tr. 9:8–22, 10:2–11, Nov. 20, 2017. I also stated, in reference to the letter, that "I appreciate the heads-up, I put everything on the table here, I expect all of you to behave as professionals." Tr. 8:22–24, Nov. 20, 2017.

There are no grounds for recusal. The "accommodations" and "some work" remarks refer to defendant's desire to complete a shoulder surgery before this case goes to trial. In early 2017, defendant requested a continuance so that he could travel to India to obtain that surgery at a reasonable cost. *See* Def.'s Am. Mot. Continue & Allow Foreign Travel for Med. Procedures (doc. 41) (requesting a continuance to accommodate the surgery). The government objected, noting that there had already been three continuances, that defendant had waited a full year after indictment to request the surgery, and that permitting defendant to travel internationally would increase the risk of flight. *See* Gov't's Resp. Mot. Continue Trial Date & Permit Foreign Travel (doc. 44). In spite of those objections, I granted defendant's request and authorized the trip. *See* Doc. 55 (March 23, 2017 court order directing the government to return defendant's passport) &

Page 3 – OPINION AND ORDER

Doc. 59 (April 7, 2017 court order striking the pretrial release condition that prevented defendant from applying for a new passport or international travel documents). In the end, defendant did not go to India for the surgery; before his departure date, he fell and injured his other shoulder, preventing him from traveling. I then placed the case back on track toward a trial date.

When I spoke at the hearing, I was referencing defendant's stated desire to complete an elective medical procedure before trial. I used the phrase "before you go to prison" because the charge against plaintiff carries an up to ten-year prison sentence. *See* 18 U.S.C. § 924(a)(2). In hindsight, I could have been clearer and stated that I made accommodations so the surgery could go forward before any *possible* prison sentence *might* begin. But even without that clarification, I do not believe my impartiality can reasonably be questioned on the basis of my statements at the November 20 status conference. I have not prejudged the evidence in this case and my statements did nothing to alter defendant's presumption of innocence or the government's burden to prove his guilt beyond a reasonable doubt.

Defendant's Motion for Judge to Recuse Herself from Case (doc. 90) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of January 2018.

_____
Ann Aiken
United States District Judge