IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> ROBERT EVANS MAHLER, <br> Defendant. | Case No. 3:16-cr-00105-AA-1 <br> **OPINION AND ORDER** |

AIKEN, District Judge:

In February 2016, defendant Robert Evans Mahler was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On December 7, 2017, defendant filed a set of four pretrial motions: a motion in limine (doc. 88), a motion for recusal (doc. 90), a motion to suppress (doc. 93), and a motion to dismiss for outrageous government conduct (doc. 95). The parties appeared for oral argument on those motions on January 16, 2018; at that hearing, I denied the motion for recusal and continued the hearing on the remaining motions to March 12, 2018. Following an evidentiary hearing and additional oral argument, I orally denied defendants' motions to suppress and dismiss. I will elaborate on the reasons for

that denial in a subsequent opinion and order. This opinion and order addresses only defendant's motion in limine.

The parties reached the following agreements with respect to the issues raised in the motion in limine. With respect to "Internet Search-Article that Defendant Went to Prison" (Section II.A.1 of defendant's memo in support of the motion), defendant stipulates to the admission of this witness statement so long as the Court offers a limiting instruction that it is not offered for the truth of the content of the articles but instead for its effect on the listener, Connie Daggett. With respect to "Defendant Wanted To Retrieve Firearms Stored at Mrs. Daggett's Residence" (Section II.A.2), defendant withdrew his objection. With respect to evidence that defendant is a veteran or has anti-government beliefs (Section II.A.3), the government stated that it does not intend to introduce any evidence regarding military service or defendant's political beliefs. With respect to "Witness Speculation" (Section II.A.4), defendant stipulates to admission of the evidence so long as it is offered for the purpose of explaining Mrs. Daggett's motivation. With respect to "Mrs. Daggett's Further Hearsay" (Section II.A.7), defendant withdrew his objection based on the government's promise not to introduce evidence of the content of Mrs. Daggett's conversations with her sister-in-law or Special Agent Adam Sully through Mrs. Daggett's testimony. With respect to "Mrs. Daggett's Impression of Defendant's Jokes And Unrelated Activities" (Section II.A.10), defendant withdrew his objection after the government stated that it would not introduce the challenged evidence. With respect to the portions of the testimony of Curtis Allen, Jr., regarding arguments or threats between defendant and Mr. Allen (Section II.A.15), the government stated that it does not intend to rely on that evidence unless defendant introduces it in order to impeach Mr. Allen's credibility.

The parties further agreed to reserve a number of evidentiary disputes for trial; whether defendant renews those objections will depend on whether the government is able to lay a proper foundation. That agreement applies to the following objections: "Speculation As To Type of Firearm" (Section II.A.6), "Speculation by Mr. Daggett" (Section II.A.8), "Shooting Competitively" (Section II.A.9), "Chase's Cashier's Check and J&G Sales Receipt" (Section II.A.11, discussing Defendant's Exhibits 101 and 102), "Defendant's Alleged Handwritten Notes" (Section II.A.12, discussing Defendant's Exhibit 103), "Shooting with Kyle" (Section II.A.13), "Statement of Special Agent Adam Sully" (Section II.A.14), and Mr. Allen's testimony about gun transactions with defendant (Section II.A.15).

The parties were unable to resolve two of defendant's objections and requested a ruling on each. First, defendant objected to the government's plan to introduce evidence that he owned a gun shop and was a member of the NRA (Section II.A.3). The motion in limine is denied as to those pieces of evidence. I will allow their introduction as it goes to defendant's knowledge. However, I instructed the government to keep evidence on those points limited.

Second, defendant objected to Connie and William Daggett's testimony that defendant agreed to pay a rental fee to store guns and ammunition on their property, but never made payment (Section II.A.5). Defendant objected to admission of that testimony, citing Oregon's statute of frauds. The statute provides:

> (1) In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by the lawfully authorized agent of the party; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in cases prescribed by law:
>
> > (a) An agreement that by its terms is not to be performed within a year from the making.
> >
> > . . .

> (e) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of any interest therein.

Or. Rev. Stat. §§ 41.580(1). Defendant contended that permitting the jury to hear testimony about the existence of the oral argument violates the statute's directive that "evidence . . . of the agreement shall not be received other than the writing[.]" *Id.*

That is a creative argument, but I am not persuaded. When deciding the meaning of an Oregon statute, courts begin with text *and context*. *Brunnozi v. Cable Comm'cns, Inc.*, 851 F.3d 990, 998 (9th Cir. 2017). A statute's context "includes other provisions of the same statute and other related statutes." *Portland Gen. Elec. v. Bureau of Labor & Indus.*, 859 P.2d 1143, 1146 (Or. 1993), *superseded on in part other grounds by* Or. Rev. Stat. § 174.020. Although Oregon's statute of frauds is located in the chapter of Oregon law devoted to evidence, it is not grouped with the provisions on judicial evidence generally; instead, it is located with laws addressing proof of contracts specifically. *See* Or. Rev. Stat. § 41.560 (making a grant or assignment of any existing trust void unless it is in writing); *id.* § 41.570 (providing that a contract by telegraph is a contract in writing). That suggests that the rule relates to evidence in lawsuits to enforce agreements rather than to legal actions generally. The text of the statute further supports this reading: the use of the word "therefore" ties the evidentiary rule to the principle that the oral agreement is unenforceable. Finally, it seems plain that the Oregon legislature did not intend the statute of frauds to hamstring prosecutors by making evidence of any "off the books" agreement inadmissible in a criminal case if the agreement had a duration of longer than a year.

Defendant's motion to exclude evidence of the storage agreement is denied. That evidence goes to defendant's knowledge. The government is to keep evidence on the agreement limited and targeted to proof of defendant's knowledge.

Defendant's Motion in Limine (doc. 88) is DENIED IN PART and RESERVED IN PART as set forth in more detail above.

IT IS SO ORDERED.

Dated this 13th day of March 2018.

_____
Ann Aiken
United States District Judge