**Ernest Warren, Jr. OSB 891384**
E-Mail: e.warren@warrenpdxlaw.com
Warren & Sugarman
Suite 500, 838 SW First Avenue
Portland, Oregon  97204
Tel: (503) 228-6655
Fax: (503) 228-7019

**Attorney for Defendant Robert Evans Mahler**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No.: 3:16-CR-00105-AA-1** |
| **Plaintiff,** | **DEFENDANT'S SENTENCING MEMORANDUM** |
| **v.** | |
| **ROBERT EVANS MAHLER,** | |
| **Defendant.** | |

COMES NOW the defendant, Robert Evans Mahler, by and through his attorney, Ernest

Warren, Jr., and officially state the defendant's sentencing recommendation to the Court. For

many reasons stated herein, including among others, Mr. Mahler's age, health, and unusual

circumstances of this case not contemplated by the Guidelines, and the growing movement of the

federal government to find alternatives to incarceration for nonviolent offenders, the defendant

respectfully requests a variance to one year of home detention.

A. <u>SENTENCING GUIDELINES CALCULATIONS</u>

With respect to the Base Offense Level we concur with level 20 pursuant to

§2k2.1(a)(4)(B).

Page 1 –*DEFENDANT'S SENTENCING MEMORANDUM*

With respect to Specific Offense Characteristics we do not concur with a six (6) level increase pursuant to §2k2.1(b)(1)(C) because this calculation included thirty four (34) firearms found at the Daggett's residence. As the Daggett's testified, Mr. Mahler did not have an agreement with them or access to their residence. In fact, the Daggett's testified that Mr. Mahler had not been to their residence for at least over one year. This testimonial evidence does not establish knowingly possessing firearms or dominion and control over the firearms at the Daggett's residence.

Additionally, at the time of the entry of the plea that was accepted by the Court and the government, Mr. Mahler accepted responsibility for one (1) firearm, and the Court and government approved of that plea. Accordingly, no additional points should be attributable for Specific Offense Characteristics.

With respect to Acceptance of Responsibility, we do not concur with a zero (0) level reduction pursuant to §3E1.1. In fact, we assert that Mr. Mahler is entitled to a two (2) level reduction under §3E1.1(a) because he accepted responsibility for one firearm and the Court and government accepted his change of plea. "[P]ermitting the government to avoid preparing for trial…" is covered by §3E1.1(b), and Mr. Mahler does not seek that one (1) point reduction.

§3E1.1 Application Note 1(A) states:

> In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following: truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable for under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain reduction under subsection. A defendant who falsely denies, or frivolously contests, relevant conduct that

Page 2 – *DEFENDANT'S SENTENCING MEMORANDUM*

> the court determines to be true has acted in a manner inconsistent with acceptance of responsibility, but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was a false denial or frivolous…

Certainly, Application 1(A) applies to Mr. Mahler. He pled guilty to the firearm in his vehicle; the government did not require that he admit to any other firearms because Mr. Mahler's admission of one firearm was satisfactory to the government and accepted by the Court.

Moreover, Mr. Mahler merely remained silent as to any other firearms. He did not falsely deny or frivolously contest any relevant conduct the court determined to be true. Especially with regard to the firearms at the Daggett's residence.

In *U.S. v. LaPierre*, 998 F.2d 1460,1467-68 (9th Cir. 1993), the Ninth Circuit affirmed issues relevant to sentencing in Mr. Mahler's case. It is an error for a district court to deny an acceptance of responsibility reduction on the basis of exercising his right to appeal. *Id.* at 1467. Also, a district court cannot deny the acceptance of responsibility for exercising his privilege against self-incrimination by refusing to discuss his role in the offense with a "Probation Officer"- the presentence writer. *Id.*

In *U.S. v. McKinney,* 15 F.3d 849, 853 (9th Cir. 1994), the Ninth Circuit said, "We hold that, in appropriate circumstances the reduction is also appropriate circumstances the[acceptance of responsibility] reduction is also available in cases in which the defendant manifests genuine contrition for his acts but nonetheless contests his factual guilt at trial." This is the case here! Although Mr. Mahler went to trial to challenge portions of the case, he pled guilty to the firearm found in his vehicle. "[I]t is rare that a defendant pleads guilty to every count in the indictment." *Id.* at 854. By analogy, it makes no sense that Mr. Mahler need plead guilty and be responsible for every firearm alleged in the indictment.

In *U.S. v. Ochoa-Gayton*, 265 F.3d 837, 843-844 (9th Cir. 2002), the Ninth Circuit stated,

Page 3 –*DEFENDANT'S SENTENCING MEMORANDUM*

"In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial." One of the Ninth Circuit's examples for asserting a defendant's right to trial arises when he challenges "the applicability of a statute to his conduct." *Id.*

In this case, Mr. Mahler challenged the applicability of his conduct to the allegation he possessed or maintained control and dominion over firearms at the Daggett's residence. Despite that challenge, he pled guilty to the firearm in his vehicle.

Accordingly, pleading guilty is a major factor in accepting responsibility and Mr. Mahler did that. He should not be penalized for exercising his right to trial, to remain silent as to matters not admitted, and for exercising his right to appeal.

Therefore, Mr. Mahler asserts that his Offense Conduct is Level 20, with a two level reduction for acceptance of responsibility. We do concur that Mr. Mahler has one criminal history point. Therefore, under the Advisory Guidelines, Mr. Mahler's range would be 27-33 months.

B. MITIGATION.

Mr. Mahler has several reasons why he should get a variance to one-year home detention that is the equivalent of a five level downward variance from the Advisory Guidelines.

1.     §5k2.11 Lesser Harms.

If the Court is to believe the testimony of the Daggett's, then they and Mr. Mahler were storing food, trucks, equipment, and the like because they were preparing for natural or manmade catastrophes by participating in citizen emergency response team activities. You may recall from trial that Mrs. Daggett gave Mr. Mahler a list for emergency food, medical supplies, blankets, and other goods. He gave abundantly to the Daggett's for the citizen emergency response team

Page 4 –*DEFENDANT'S SENTENCING MEMORANDUM*

Attorneys at Law
838 SW First Avenue • Suite 500 • Portland, Oregon  97204
Tel (503) 228-6655 • Fax (503) 228-7019

objectives. Certainly, the reason the Daggett's complained to law enforcement was not because of being honest citizens. We cannot forget that Mrs. Daggett's brother married to Mr. Mahler's stepdaughter who never approved of him. Accordingly, Mr. Mahler's conduct qualifies a lesser harm.

      2.      18 U.S.C. §3553(a) Factors.

These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed- (A) to reflect the seriousness of the offence, to promote respect for the law, and to provide just punishment for the office; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the advisory guideline range; (5) any pertinent policy statements issued by the Sentencing Commission (6) the need to avoid unwarranted sentencing disparities and (7) the need to provide restitution to any victim of the offense. *U.S. v. Booker,* 543 U.S. 220, ___, 125 S. Ct. 738, 764 (2005).

All the §3553(a) support a variance to home detention for Mr. Mahler. First, with the exception of a misdemeanor charge one decade ago, all of Mr. Mahler's prior convictions are over two to five decades old. With regard to the seriousness of the offense, Mr. Mahler is truly humbled by the restrictions on his liberty including submitting himself to pretrial services where he has never had a violation. Mr. Mahler is not a threat to the public and is close to seventy years of age. Mr. Mahler is in need of should surgery, but cannot afford it locally. There are no victims. Accordingly, a one year home detention sentence is sufficient, but not greater than necessary to comply with the purposes of §3553(a).

Page 5 –*DEFENDANT'S SENTENCING MEMORANDUM*

**Warren & Sugarman**
Attorneys at Law
838 SW First Avenue • Suite 500 • Portland, Oregon  97204
Tel (503) 228-6655 • Fax (503) 228-7019

3.    The First Step Act Movement.

There is a growing movement within Congress and with the approval of the President to reduce harsh consequences of federal sentencing. This is because states like Texas have reduced incarcerations by focusing on rehabilitation efforts, and now know that rehabilitation reduces recidivism. The federal government now knows it was wrong to impose harsh mandatory minimum sentences for nonviolent crimes in the 1990's to present. Now we all have a chance to rethink the mistakes in the past.

Mr. Mahler is a candidate of fresh thinking that leads to unnecessary incarceration because he is old, frail, and subject to the jurisdiction of this Court. He needs counseling and other rehabilitation that does not include incarceration.

4.    Mr. Mahler is Older and Presents Low Risk of Recidivism.

Studies by the United States Sentencing Commission have consistently shown that older offenders at sentencing are at the lowest risk of reoffending. For example, offenders sentenced when they are younger than age 21 had a 71 percent re-arrest rate, compared to 14 percent of offenders who are sentenced after age 60. *Recidivism Among Federal Offenders: A Comprehensive Overview, United States Sentencing Commission* at page 23 (March 2016).

This means the older a person is, the less likely he is to reoffend. Mr. Mahler will be 70 on his birthday. Accordingly, he is less likely to offend again.

Please note that aging inmates are more costly to incarcerate because of their medical needs, BOP institutions lack appropriate staffing levels to address elderly inmates, and the physical infrastructure of BOP institutions cannot adequately house elderly inmate due to medical and mobility limitations. *The Impact of an Aging Inmate Population on the Federal Bureau of Prisons*, Office of the Inspector General- U.S. Dept. of Justice (Revised February

Page 6 –*DEFENDANT'S SENTENCING MEMORANDUM*

2016).

     5.     Mr. Mahler is Involved in Community Activities and Good Works.

Mr. Mahler is a reputable volunteer and his efforts towards community activities and good works qualify as "exceptional." He volunteers at Idanha Food Bank, where he distributes food to the indigent residents of the town. Mr. Mahler is the lead organizer for table tennis clubs in the greater Salem area. He has served countless hours and donated equipment for the community to participate in table tennis tournaments. Mr. Mahler genuinely enjoys helping others and is a dependable contact when a friend or member of his community is in need. Since Mr. Mahler's charitable and civic activities are exceptional, the Court may find a basis for departure.

C. CONCLUSION.

Mr. Mahler respectfully requests a sentence of one year of home detention for the reasons states in this memorandum.

RESPECTFULLY SUBMITTED this 24 day of December, 2018.

Ernest Warren, Jr. OSB No. 891384
Attorney at Law

Page 7 –*DEFENDANT'S SENTENCING MEMORANDUM*

**Warren & Sugarman**
Attorneys at Law
838 SW First Avenue • Suite 500 • Portland, Oregon 97204
Tel (503) 228-6655 • Fax (503) 228-7019

## CERTIFICATE OF SERVICE

I hereby certify that I have served a certified true copy of the **DEFENDANT'S SENTENCING MEMORANDUM** in the attached matter upon the parties listed below by notice of electronic filing using the CM/ECF System as follows:

**Gregory Nyhus**
**Natalie Wight**
U.S. Attorney's Office
District of Oregon
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
503-727-1000
Fax: 503-727-1117

and filed the original with the Court on the date listed below.

DATED this 24 day of December, 2018.

**WARREN & SUGARMAN**

/s/Ernest Warren, Jr.
**Ernest Warren, Jr. OSB No. 891384**
Attorney for Defendant