**Ernest Warren, Jr. OSB 891384**
E-Mail: e.warren@warrenpdxlaw.com
Warren & Sugarman
Suite 500, 838 SW First Avenue
Portland, Oregon 97204
Tel: (503) 228-6655
Fax: (503) 228-7019

**Attorney for Defendant Robert Evans Mahler**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 3:16-CR-00105-AA-1** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ROBERT EVANS MAHLER,** | |
| **Defendant.** | |

Defendant Robert Evans Mahler, by and through his attorney, Ernest Warren, Jr.,
responds to the Government's Sentencing Memorandum for the above-entitled matter.

I.    **OBJECTIONS**

Defendant objects to any reference to more than one weapon being possessed and plead to
and any inference of obstruction of justice because it was not mentioned at the time of entry of
defendant's plea and the government accepted and were "satisfied" with Mr. Mahler's pleading
to one gun and one count. Transcript of Record at 25:7-27:7, United States v. Mahler, (9th Cir.
Sept 18, 2018).

///
///
///
///

Page 1 –*DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING
MEMORANDUM*

RESPECTFULLY SUBMITTED this 11 day of February, 2019.

/s/ Ernest Warren, Jr.
**Ernest Warren, Jr. OSB No. 891384**
Attorney for defendant

**Warren & Sugarman**
Attorneys at Law
838 SW First Avenue • Suite 500 • Portland, Oregon  97204
Tel (503) 228-6655 • Fax (503) 228-7019

1              IN THE UNITED STATES DISTRICT COURT

2                  FOR THE DISTRICT OF OREGON

3                       PORTLAND DIVISION

4
UNITED STATES OF AMERICA,          )
5                                  )
                       Plaintiff,  )  Case No. 3:16-cr-00105-AA-1
6                                  )
                  v.               )
7                                  )  September 18, 2018
ROBERT EVANS MAHLER,               )
8                                  )
                       Defendant.  )  Portland, Oregon
9  _____ )

10

11

12

13                     CHANGE OF PLEA

14               TRANSCRIPT OF PROCEEDINGS

15           BEFORE THE HONORABLE ANN L. AIKEN

16           UNITED STATES DISTRICT COURT JUDGE

17

18

19

20

21

22

23

24

25

1                              APPEARANCES

2    FOR THE PLAINTIFF:

3                       NATALIE K. WIGHT
                        U.S. Attorney's Office
                        1000 SW Third Avenue
4                       Suite 600
                        Portland, OR 97204
5
     FOR THE DEFENDANT:
6                       ERNEST WARREN, JR.
                        ALICIA HERCHER
7                       VERA WARREN
                        Warren & Sugarman
8                       838 SW First Avenue
                        Suite 500
9                       Portland, OR 97204

10

11

12

13

14

15   COURT REPORTER:    Jill L. Jessup, CSR, RMR, RDR, CRR
                        United States District Courthouse
16                      1000 SW Third Avenue, Room 301
                        Portland, OR 97204
17                      (503)326-8191

18

19                             *   *   *

20

21

22

23

24

25

1                    TRANSCRIPT OF PROCEEDINGS

2                        (September 18, 2018)

3    (In open court:)

4    (Whereupon a two-day jury trial was held, but not transcribed,

5    and plaintiffs rested.)

6              MR. WARREN:  Your Honor, if I may have a moment with

7    my client, please.

8              THE COURT:  Certainly.

9              MR. WARREN:  Thank you, Your Honor.  Can we go in the

10   hallway, please?

11             THE COURT:  Pardon me?

12             MR. WARREN:  Can we go into the hallway?

13             THE COURT:  Absolutely.  I'm happy to have the jury

14   out and give you plenty of time.

15             MR. WARREN:  Can we have 10 or 15 minutes?

16             THE COURT:  Members of the jury, I'll have you out.

17   Thank you.

18                        (Jury not present.)

19             MR. WARREN:  Your Honor, my client is not going to

20   put on any evidence and at this time he's willing to plead to

21   the charge.

22             THE COURT:  Do you have a written plea agreement?

23             MR. WARREN:  I don't.

24             THE COURT:  Do you have a copy you can sit down and

25   review with your client?

1          MR. WARREN:  I do not have one.  Maybe --

2          THE COURT:  We'll just take a break until you go get

3   one and have one filled out and completed.

4          MR. WARREN:  Okay.

5          THE COURT:  Okay.

6          MR. WARREN:  In the past, somehow I got helped with

7   that.

8          THE COURT:  In the past, I don't know how you have

9   gotten help with that, but I'm happy to help.  I don't know if

10  I have a written plea agreement, but you might.

11         MR. WARREN:  Yes.  Usually there are a part of the --

12  I believe the forms are actually on the U.S. District Court

13  website.

14         THE COURT:  They may be, but it will take us a minute

15  to look at those.

16     I'm sure Mr. Reeves can do that.

17         MS. WIGHT:  Mr. Sussman believes they might have

18  some in the clerk's office.

19         THE COURT:  We can get it here.  It will take a

20  minute.

21                    (Recess taken.)

22         MR. WARREN:  If I may approach, Your Honor?

23         THE COURT:  Sure.

24         MR. WARREN:  For the record --

25         THE COURT:  Excuse me.  We're going to go back on the

1    record.  I've been handed a copy, handwritten, and -- a

2    petition to enter a guilty plea and a copy of the indictment

3    has been returned.

4         Mr. Warren, you're reporting that you've reviewed this

5    with your client.  We've been on a break for 15 or so minutes;

6    is that right?

7                   MR. WARREN:  That's correct, Your Honor.

8                   THE COURT:  And your client is prepared to plead

9    guilty to the one criminal count in the Case 16-00105; is that

10   correct?

11                  MR. WARREN:  Yes.

12                  THE COURT:  And I would ask to have the defendant

13   sworn.

14                  DEPUTY COURTROOM CLERK:  Please raise your right

15   hand.

16                       (Defendant was sworn.)

17                  DEPUTY COURTROOM CLERK:  Please state your full name

18   and spell it for the record.

19                  THE DEFENDANT:  Robert Evans Mahler.  R-o-b-e-r-t.

20   E-v-a-n-s.  M-a-h-l-e-r.

21                  THE COURT:  Mr. Mahler, it is 3:27 in the afternoon,

22   the second day of trial, and just about 15 minutes ago, after

23   the government rested their case and your client -- your

24   attorney asked for some time with you to speak about how to

25   proceed, he returned and told the Court that you wish to enter

1    a plea to the indictment.

2         THE DEFENDANT:  Yes, Your Honor.

3         THE COURT:  And so you've now had 15 or so minutes to

4    sit down and talk with Mr. Warren about the petition to enter a

5    guilty plea and to review that document with your lawyer; is

6    that correct?

7         THE DEFENDANT:  Yes, Your Honor.

8         THE COURT:  And so as you know, in discussing it with

9    him, I'm going to review this document with you.  And I'm not

10   trying to trick you, but I'm asking you a number of questions

11   to make sure that this is a knowing and voluntary plea.

12       So tell me how old you are.

13        THE DEFENDANT:  69, Your Honor.

14        THE COURT:  And how far have you gone through school?

15        THE DEFENDANT:  I have a bachelor's degree,

16   Your Honor.

17        THE COURT:  In what?

18        THE DEFENDANT:  Communication.

19        THE COURT:  From where?

20        THE DEFENDANT:  Long Beach University -- California

21   State University, Long Beach.

22        THE COURT:  Other colleges that you've attended?

23        THE DEFENDANT:  Marylhurst, Your Honor.

24        THE COURT:  Is that for an advanced degree?

25        THE DEFENDANT:  It was for aviation.  Yes,

1   Your Honor.

2           THE COURT:  So you were able to read and understand

3   this document; correct?

4           THE DEFENDANT:  Yes.

5           THE COURT:  And Mr. Warren has been your lawyer in

6   this matter, and I believe -- correct me if I'm wrong, I think

7   he's the third lawyer in this case; correct?

8           THE DEFENDANT:  Yeah.  Well, fourth?

9           THE COURT:  Fourth?

10          MR. WARREN:  I believe I'm the fourth, Your Honor.

11          THE COURT:  So you've had plenty of time to talk with

12  him about this document; correct?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  And it does not come with a plea

15  petition -- a plea agreement from the government, a letter from

16  the government, offering to settle this case based on any

17  negotiations.  There's no plea letter to this; right?

18          THE DEFENDANT:  Correct, Your Honor.

19          THE COURT:  But you have had a chance in detail to

20  review Count 1, which is the felon in possession of a firearm

21  charge; correct?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  And you understand the nature of the

24  charge; correct?

25          THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Any lesser-included offenses that you

2    might have raised; correct?

3          THE DEFENDANT:  I -- I didn't understand that,

4    Your Honor.

5          THE COURT:  Any lesser included offenses that might

6    have been raised -- you talked that over with your lawyer

7    whether that was an option?

8          MR. WARREN:  Yes.

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  And any defenses -- you talked over the

11   defenses with your lawyer and how to defend against this case;

12   correct?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  You have reviewed not only the

15   government's evidence, because it was presented to you before

16   we began trial, but you have been sitting through the trial and

17   have seen the government's evidence; correct?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  And you've had a chance to tell

20   Mr. Warren all facts known to you about this case; correct?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  And you've had a chance to talk with him

23   about all the decisions, legal and otherwise, that you needed

24   to make in this case; correct?

25         THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  And you have no letter to settle this

2    case with the government.  You're simply choosing to plead

3    guilty to the charge; correct?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  And so you know that you can continue

6    this case, and we could -- you could put on evidence or not put

7    on evidence.  I'm prepared to instruct the jury and let the

8    jury deliberate because we're at that stage of the trial.  You

9    understand that; right?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  And you're choosing, instead, to stop the

12    case at this particular point in time and simply plead guilty

13    to the charge; is that correct?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  And you understand that the decisions --

16    these are both personal and legal decisions, that you're going

17    to make; correct?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Are there any questions that your lawyer

20    or I may answer for you at this time?

21          THE DEFENDANT:  I think we've covered it all,

22    Your Honor.

23          THE COURT:  And you understand that you're going to

24    plead guilty to the following elements:  That on or about

25    January 19, 2016, between that date and February 16, 2016, in

1    the District of Oregon, you are a felon and you knowingly

2    possessed firearms.  And I'm going to review them later, but

3    they're listed in the indictment, and there are 17 listed, and

4    they had all previously been transported in interstate

5    commerce.

6              MS. WIGHT:  Your Honor, the superseding has 18

7    firearms.

8              THE COURT:  Oh, wait.  I don't have the superseding

9    indictment.  I just have the indictment.

10        Nope.  That's the indictment.

11        18.

12        Mr. Warren, you handed back your copy, not my copy.  I'm

13   sorry.

14        It's a superseding information.  I have been calling it an

15   "indictment" because that's what I was handed.  My mistake.

16        It's a superseding indictment.  Count 1, same allegations,

17   with the addition of an 18th weapon; right?

18              THE DEFENDANT:  Yes, Your Honor.

19              THE COURT:  Right?

20        You understand you'll be pleading guilty to those

21   elements; correct?

22              THE DEFENDANT:  Yes, Your Honor.

23              THE COURT:  Are you satisfied with your legal

24   representation?

25              THE DEFENDANT:  Fully, Your Honor.

1          THE COURT:  So you took an oath to tell the truth a

2    few moments ago; correct?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  You understand I'm going to ask you

5    questions about the offense and your role in the offense, and

6    if you lie to the Court or you deliberately misstate

7    information in answer to questions that I place before you,

8    separate charges of perjury or false statement may be brought

9    against you, and the answers that you give in court today may

10   be used against you in a further court proceeding.

11      Do you understand?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Are you under the influence of drugs or

14   alcohol?

15         THE DEFENDANT:  No, Your Honor.

16         THE COURT:  Are you suffering from any injury,

17   illness, or disability that would affect your ability to think

18   or reason?

19         THE DEFENDANT:  Well, yes, Your Honor.  My shoulders

20   put me in constant pain, and I have a hamstring injury that is

21   needing surgery.

22         THE COURT:  Are those two injuries affecting your

23   ability to think or reason?

24         THE DEFENDANT:  No, Your Honor.

25         THE COURT:  There are injuries and you have pain.

1          THE DEFENDANT:  Yes.

2          THE COURT:  But the pain is not such that it is

3   affecting your ability to think or reason; is that correct?

4          THE DEFENDANT:  No, Your Honor.

5          THE COURT:  Mr. Warren, what's your observation?

6          MR. WARREN:  I don't think he has any pain or mental

7   issue that would affect his reasoning.

8          THE COURT:  You've had no difficulties communicating

9   with him, and he's understood as you've reviewed this document

10  with him --

11         MR. WARREN:  Yes.

12         THE COURT:  -- the decision he's -- he's making?

13         MR. WARREN:  Yes.

14         THE COURT:  Have you taken any medications in the

15  last seven days?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  What have you taken?

18         THE DEFENDANT:  Hydrocodone.

19         THE COURT:  When did you take it?

20         THE DEFENDANT:  At night, just to get to sleep.

21         THE COURT:  So the last time you took a dose was

22  when?

23         THE DEFENDANT:  Two days ago.

24         THE COURT:  So you haven't had any other medication?

25         THE DEFENDANT:  Naprosyn.

1      THE COURT:  What's that?

2      THE DEFENDANT:  It's a pain medication, but it's

3  over-the-counter.

4      THE COURT:  Does it -- how does it affect you?

5      THE DEFENDANT:  Well, it eases the pain.

6      THE COURT:  Does it affect your ability to be alert?

7      THE DEFENDANT:  No, Your Honor.

8      THE COURT:  It doesn't affect that.

9    When was the last time you took that drug?

10      THE DEFENDANT:  Last night.

11      THE COURT:  To go to sleep?

12      THE DEFENDANT:  Yes, Your Honor.

13      THE COURT:  Have you taken anything this morning?

14      THE DEFENDANT:  No, Your Honor.

15      THE COURT:  So the only medication you've taken --

16  two days ago you took hydrocodone and last night you took

17  Naprosyn.  Both of those are to ease the pain so you could

18  sleep; is that correct?

19      THE DEFENDANT:  Well, I've taken metformin, but

20  that's for my high blood sugar.

21      THE COURT:  Taking what?

22      THE DEFENDANT:  Metformin.

23      THE COURT:  When did you take that?

24      THE DEFENDANT:  This morning.

25      THE COURT:  That's taken in the normal course and

1  under a prescription and under a doctor's care?

2          THE DEFENDANT:  Yes.  Twice a day, Your Honor.

3          THE COURT:  So you took it in the normal course, and

4  that would affect your blood pressure in order to keep it -- I

5  suspect to keep it low?

6          THE DEFENDANT:  Blood sugar.

7          THE COURT:  Or blood sugar.  I'm sorry.  To keep your

8  blood sugar regulated; correct?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  And do you have to take -- do you have to

11  do testing throughout the day?

12          THE DEFENDANT:  Well, no.  They test me at OHSU,

13  Your Honor.

14          THE COURT:  So you're not on a regular daily regimen

15  that you have to do testing?

16          THE DEFENDANT:  No, Your Honor.

17          THE COURT:  You're simply on a prescription that you

18  take in the morning and in the evening?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  And you've taken it as directed?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  And you're not suffering from any

23  diabetic episode at this point; is that correct?

24          THE DEFENDANT:  Correct, Your Honor.

25          THE COURT:  All right.  You understand that

1   conviction of a crime can result in consequences in addition to

2   imprisonment.  Those consequences may include deportation or

3   denial of naturalization, if you're not a United States

4   citizen; loss of eligibility to receive federal funds; loss of

5   certain civil rights, which may be temporary or permanent,

6   depending on applicable state or federal law, such as the right

7   to vote, to hold public office, and to possess a firearm; and

8   the loss of the privilege to engage in certain occupations

9   licensed by the state or federal government.

10       Do you understand?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  Now, you don't have to plead guilty right

13  now.  You can stand on all your constitutional guarantees and

14  take this matter to its conclusion with the jury.

15       Do you understand that?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  But in order for the Court to accept your

18  plea of guilty, you're going to give up, waive, or not enforce

19  some of those rights.

20       Do you understand that?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  More specifically, you're giving up the

23  following:  The right to a speedy and public trial by jury,

24  during which you would be presumed to be guilty [sic], unless

25  and until proven guilty beyond a reasonable doubt, and by a

1  unanimous vote of 12 jurors.

2      Do you understand?

3          THE DEFENDANT:  Yes.

4          THE COURT:  You're giving up the right to have the

5  assistance of an attorney at all stages of the proceedings.

6      Mr. Warren is standing by.  If you enter your plea today

7  to this count, plead guilty, he will stand by you at

8  sentencing; but if you're giving up your right to go to the

9  conclusion of this case, he's obviously not going to finish

10  that.  Correct?

11          THE DEFENDANT:  Yes.

12          MS. WIGHT:  Your Honor, just to correct the record.

13  I think you accidentally said "presumed guilty" instead of

14  "presumed innocent" on the record.

15          THE COURT:  Presumed innocent.  Thank you for

16  correcting me.

17      You understand?

18          THE DEFENDANT:  Yes.

19          THE COURT:  You're giving up the right to use the

20  power and process of the Court to compel the production of

21  evidence, including the attendance of witnesses in your favor.

22      Do you understand?

23          THE DEFENDANT:  Yes.

24          THE COURT:  You're giving up the right to see, hear,

25  and confront all -- and cross-examine all witnesses called to

1    testify against you.

2        Do you understand?

3            THE DEFENDANT:  Yes.

4            THE COURT:  You're giving up the right to decide for

5    yourself whether to take the witness stand and testify.  You're

6    also giving up the right not to take the witness stand and to

7    have the Court instruct the jury that no inference of guilty

8    may be drawn from that decision.

9        Do you understand?

10            THE DEFENDANT:  Yes.

11            THE COURT:  Finally, you're giving up the right not

12    to be compelled to incriminate yourself.

13        Do you understand?

14            THE DEFENDANT:  Yes.

15            THE COURT:  So you understand each and every one of

16    these rights; correct?

17            THE DEFENDANT:  Yes, Your Honor.

18            THE COURT:  You're prepared to waive, give up, or not

19    enforce each and every one of these rights?

20            THE DEFENDANT:  Yes, Your Honor.

21            THE COURT:  So if you enter a plea of guilty, there

22    will be no trial.  It won't be finished; right?

23            THE DEFENDANT:  Excuse me, Your Honor?

24            THE COURT:  The trial won't be finished; correct?

25            THE DEFENDANT:  It will be?

1          MR. WARREN:  Yes.

2          THE COURT:  If you enter a guilty plea, the trial

3   will be done.

4          THE DEFENDANT:  Oh, yes.  I just couldn't hear you.

5          THE COURT:  And you will not be able to appeal from

6   any denial of a pretrial motion that you may file or may have

7   filed concerning anything except the Court's jurisdiction.

8       Do you understand that?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  There is no plea, so there's no

11   applicability of 11(c)(1)(A), (B), or (C).  So there's no

12   agreements; right?

13          MR. WARREN:  That's right.

14          MS. WIGHT:  That's correct.

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  You understand the maximum sentence that

17   can be imposed upon you for the crime to which you're pleading

18   guilty to is ten years and a fine of $250,000?

19       Do you understand?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  And there will be a fee assessment in the

22   amount of $100 for the count of conviction pursuant to statute.

23       Do you understand?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  If you're ordered to pay a fine and you

1    willfully refuse to pay the fine, you can be returned to court

2    where the amount of the unpaid balance owed on the fine may be

3    substantially increased by the Court, and you could go to

4    prison for up to a year.

5        Do you understand?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Have you had plenty of time to talk to

8    Mr. Warren about the federal sentencing guideline system?

9            THE DEFENDANT:  Yes, Your Honor.

10           THE COURT:  So you understand, following this

11   proceeding, there will be a presentence report prepared.  In

12   that presentence report, there will be an advisory guidelines

13   range calculated and a sentencing recommendation.  It is

14   advisory.

15       The Court will look at that information, coupled with the

16   factors in 18 U.S.C. Section 3553, including the nature and the

17   circumstance of this offense; your own criminal history and

18   characteristics; the goals of sentencing, punishment, or, as I

19   prefer to say, accountability deterrence; protection of the

20   community; rehabilitation; and any other factor that the Court

21   deems important in fashioning a reasonable but not greater than

22   necessary sentence for the charge to which you're pleading

23   guilty.

24       Do you understand?

25           THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  And you also understand the Court may not

2    sentence you to a sentence greater than the maximum, which we

3    discussed a moment ago to be ten years?

4       Do you understand?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  You also understand that if you go to

7    prison, you will serve your full sentence, except for credit

8    for good behavior that you may earn at the rate of 54 days for

9    each year of imprisonment served beyond a one-year sentence?

10      Do you understand?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  And if you go to prison following your

13   prison sentence, there will be a term of supervised release.

14   During that term of supervised release, you will have a

15   probation officer and terms and conditions set by the Court

16   that you will be required to follow.

17      If you violate those terms and conditions, you can go back

18   to prison.  In your particular case, your term of supervised

19   release may be up to three years.  And if you're found in

20   violation, you could go back to prison for up to two.

21      Do you understand?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  Unless there's an objection, I'm going to

24   skip paragraph 16 and 17 and go to 18.

25         MS. WIGHT:  I don't have a copy of it.

1          THE COURT:  It's restitution and interest.

2          MS. WIGHT:  Okay.  No objection.

3          THE COURT:  If you are on probation, parole, or

4   supervised release in any other state or federal case, do you

5   understand that by pleading guilty in this Court, your

6   probation, parole, or supervised release may be revoked, and

7   you may be required to serve a consecutive sentence?  That is a

8   sentence in addition to the one imposed in this case by this

9   Court.

10      Do you understand?

11          THE DEFENDANT:  I didn't catch the first part of

12  that, Your Honor.

13          THE COURT:  Okay.  If you're on probation, parole, or

14  supervised release in another case --

15          THE DEFENDANT:  Uh-huh.  Oh, I understand,

16  Your Honor.  Yes, Your Honor.

17          THE COURT:  -- and you plead guilty, you could have a

18  consecutive sentence.

19      Do you understand that?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Do you also understand if you have other

22  cases pending, they're not resolved.  They're in other

23  jurisdictions; right?

24          THE DEFENDANT:  Yes.

25          THE COURT:  And they're not part of the discussion

1    we're having right now placed on the record regarding how

2    they're to be resolved in conjunction with this plea or because

3    I don't have a letter of agreement.  There's no other agreement

4    with anyone else; that those cases may be fully prosecuted and

5    you could receive a consecutive sentence.

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  No plea agreement with the government;

8    correct?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  No other officer or agent or anyone else

11   is promising or suggesting you receive a lesser term of

12   imprisonment in this case; correct?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  You understand you cannot rely on

15   promises or suggestions made outside of the presence of the

16   Court?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Is anybody threatening you, forcing you,

19   twisting your arm, intimidating you, or making you plead guilty

20   at this time?

21             THE DEFENDANT:  No, Your Honor.

22             THE COURT:  Do you make this plea freely and

23   voluntarily?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  And you understand the Court must be

1    satisfied that a crime occurred and that you, in fact,

2    committed the crime before your plea may be accepted?

3             THE DEFENDANT:  Yes, Your Honor.

4             THE COURT:  Therefore, with respect to the charge to

5    which you are pleading guilty, do you represent that you did

6    the following acts and that the following facts are true --

7    please listen carefully -- on or about or between January 19,

8    2016, and February 16, 2016, in the District of Oregon, you,

9    Robert Evans Mahler, having been previously convicted of a

10   crime punishable by imprisonment for a term exceeding one year,

11   specifically, on or about June 29, 1994, in the District --

12   United States District Court, District of Oregon,

13   Case No. CR-92-00175-1-JO, false statement in acquisition of a

14   firearm; and, two, on or about June 23, 1995, in the United

15   States District Court, District of Oregon,

16   Case No. CR-95-00022-01-HA for illegally exporting a defense

17   article?

18        You knowingly and unlawfully possessed the following

19   firearms -- now, I am happy to sit and read all 18 specific

20   weapons.

21        Do you have a copy of the indictment and --

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  -- have you reviewed that?

24             THE DEFENDANT:  I've reviewed it, Your Honor.

25             THE COURT:  Mr. Warren, have you reviewed the list of

1    weapons?

2              MR. WARREN:  I have.

3              THE COURT:  Do you want me to recite them

4    individually, or will you and your client acknowledge that

5    those are, in fact, the weapons he possessed?

6              MR. WARREN:  It's up to him.

7              THE COURT:  I can read every weapon or you can --

8              MR. WARREN:  Oh, no, we acknowledge that that's what

9    the indictment says, yes.

10             THE COURT:  Mr. Mahler, you know the 18 weapons that

11   are listed in the superseding indictment; correct?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  And, Mr. Warren, do you have a copy of

14   that that you can just show him?

15             MR. WARREN:  I don't right now.

16             THE COURT:  I have this copy I can hand back.

17        Why don't you ask your client to review it to make sure

18   it's correct.

19        I'm happy to read it.

20             MR. WARREN:  Your Honor, we also -- in the indictment

21   in the area where you admit, we admitted that he was in

22   violation for possessing a firearm and ammunition.  I didn't

23   think we would have to list every --

24             THE COURT:  I'm -- I intend to be specific about

25   these.

1          MR. WARREN:  Okay.

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  So you reviewed -- you're handing me back

4    the copy of the superseding indictment.  You have reviewed the

5    list of firearms noted on page 1 and page 2 of the superseding

6    indictment; correct?  You've reviewed those?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  And are all those weapons, all 18 of

9    them, weapons that you have possessed?  You possessed.

10          THE DEFENDANT:  I didn't possess all of those,

11   Your Honor.

12          THE COURT:  Well, let's go through, and I'm going to

13   read them.  Number one, pistol Walther Model P22 a .22 caliber,

14   serial number L186856.

15       Did you possess that?

16          THE DEFENDANT:  I don't -- I think that was at Bill

17   and Connie's.  Those were Bill and Connie's -- the Daggets'.

18          THE COURT:  Mr. Warren, why don't you sit down with

19   your client and go over those and tell me which ones he's going

20   to acknowledge that he possessed.

21          MR. WARREN:  Okay.

22          THE COURT:  You have a superseding information now;

23   is that correct?

24          MR. WARREN:  I -- Your Honor, I do.  I have a

25   superseding indictment.

```
 1            THE COURT:  Superseding indictment.  I'm sorry.
 2            MR. WARREN:  Yeah, I do have it.  The question is
 3  when I started packing up, I --
 4            THE COURT:  No worries.  Here.  Hold on.  We'll make
 5  you a copy and get you a copy.
 6            MS. WIGHT:  Your Honor, we did want to update.  We
 7  checked with ATF, and all of these firearms have been
 8  administratively forfeited already.  We weren't sure of that
 9  initially.  So they have been administratively forfeited.
10            THE COURT:  We're not there yet.
11            MS. WIGHT:  I was just saying if that makes a
12  difference.
13            THE COURT:  No, it doesn't make a difference.
14     We just printed you a copy.  We'll just -- we'll get to
15  the forfeiture allegation shortly.
16            MR. WARREN:  There it is.  Your Honor, I found it.
17     Okay.  Your Honor, we're ready to proceed.
18            THE DEFENDANT:  Your Honor, it's number 11, which is
19  a pistol Glock Model 21 .45 caliber, and it was found in the
20  Kia Sorento.
21            THE COURT:  Others?
22            THE DEFENDANT:  No, that's it, Your Honor.  That
23  would be the one.  There was one that was in my vehicle.
24            THE COURT:  And it had been transported in interstate
25  commerce?
```

1          THE DEFENDANT:  I have no idea, Your Honor.

2          THE COURT:  Well, we have no gun manufacturers in

3    Oregon, so -- we have no gun manufacturers in Oregon.

4          THE DEFENDANT:  Oh, well, then, yes, Your Honor.  I'm

5    sorry.

6          THE COURT:  Satisfied, Counsel?

7          MS. WIGHT:  Yes, Your Honor.

8          THE COURT:  To the charge, how do you wish to plead?

9    Guilty or not guilty.

10         THE DEFENDANT:  Guilty, Your Honor.

11         THE COURT:  Guilty plea is received.

12       Sentencing date?

13         DEPUTY COURTROOM CLERK:  Sentencing is set for

14   December 10, 2018, at 2:00 p.m.

15         THE COURT:  With regard to the forfeiture, I think I

16   heard you -- has that already been accomplished?  And we have a

17   preliminary order of forfeiture; is that correct?

18         MS. WIGHT:  That's correct.  We don't have the POF

19   right now with us, though, but they have been administratively

20   forfeited, Your Honor.

21         MR. WARREN:  Your Honor, if I may take issue with

22   that date?  Across the street, Multnomah County, I have a

23   murder trial that will be going on that, I believe --

24         THE COURT:  That's fine.  Just what -- when can you

25   do it?

1          MR. WARREN:  I would -- if the Court was open to --

2    I -- I have availability January 8th, if that's okay with the

3    Court and counsel.

4          THE COURT:  Hold on.

5          MS. WIGHT:  That works for the government.

6          DEPUTY COURTROOM CLERK:  I think the 14th might be

7    your Portland date.

8          THE COURT:  How about the 14th?

9          MR. WARREN:  Let me check, please.

10          THE COURT:  Or the 7th.  14th or the 7th?

11          MR. WARREN:  Your Honor, the 14th is available for

12    me.

13          THE COURT:  How full is that?

14          MS. WIGHT:  I have something set for that day, but

15    I'm sure I can find somebody to cover.

16          THE COURT:  Pardon?

17          MS. WIGHT:  I have a trial set for that day, but if I

18    need someone to cover -- but the 7th is open for me.  That is

19    supposed to go.

20          MR. WARREN:  I don't have a trial, but on the 7th I

21    do have -- well, I can make it work on the 7th.

22          THE COURT:  The 7th?  Let's do the 7th.

23          DEPUTY COURTROOM CLERK:  Sentencing is set for

24    January 7, 2019, at 10:00 a.m.

25          MR. WARREN:  Thank you.

1          THE COURT:  So Mr. Mahler, I presume, is on

2     conditions of release with Pretrial; correct?

3          MR. WARREN:  Yes.  I would ask that those be

4     continued.

5          THE COURT:  Are there any issues we need to

6     address --

7          MR. WARREN:  No.

8          THE COURT:  -- with regard to that?

9       Mr. Mahler, this is a really important time for you to

10    comply with all those conditions.  If you have any questions,

11    you need to contact your lawyer or contact your pretrial

12    officer immediately.

13         MS. WIGHT:  Will Mr. Mahler be turning over his

14    passport to Pretrial?

15         THE DEFENDANT:  I already returned it.

16         MS. WIGHT:  Oh, you did?  Okay.

17         THE DEFENDANT:  Voluntarily, I might add.

18         MS. WIGHT:  Oh, thank you.

19         THE DEFENDANT:  But I did have a question,

20    Your Honor, about the replacement shoulder for either shoulder.

21    We had spoken about it earlier.

22         THE COURT:  We have, but I don't see a plan.  You can

23    talk to your lawyer and have me entertain other things later,

24    but not today.

25         THE DEFENDANT:  Okay.  Thank you, Your Honor.

1          THE COURT:  Anything else?

2          MR. WARREN:  No, Your Honor.

3          MS. WIGHT:  We're good.  Thank you.

4          THE COURT:  I presume no one objects to my going back

5   and excusing the jurors?

6          MR. WARREN:  No.

7          THE COURT:  I'll do that.  I always talk to them

8   afterwards, anyway.  I think they'll appreciate an explanation.

9        So thank you for your time.  If you need anything,

10  Cathy Kramer will be here to help you with cleaning up.

11         MS. WIGHT:  Thank you.

12         THE COURT:  Thank you.  We're in recess.

13                    (Hearing concluded.)

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3          United States of America v. Robert Evans Mahler

4                        3:16-cr-00105-AA-1

5                          CHANGE OF PLEA

6                         September 18, 2018

7

8           I certify, by signing below, that the foregoing is a

9     true and correct transcript of the record, taken by

10    stenographic means, of the proceedings in the above-entitled

11    cause.  A transcript without an original signature, conformed

12    signature, or digitally signed signature is not certified.

13

14    /s/Jill L. Jessup, CSR, RMR, RDR, CRR, CRC
      _____
15
      Official Court Reporter      Signature Date: 12/20/18
16    Oregon CSR No. 98-0346        CSR Expiration Date:  9/30/20

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a certified true copy of the **DEFENDANT'S**

**RESPONSE TO GOVERNMENT'S MEMORANDUM** in the attached matter upon the

parties listed below by notice of electronic filing using the CM/ECF System as follows:

**Natalie Wight**
**Gregory Nyhus**
U.S. Attorney's Office
District of Oregon
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
503-727-1015

and filed the original with the Court on the date listed below.

DATED this 11 day of February 2019.


**WARREN & SUGARMAN**


/s/Ernest Warren, Jr.
**Ernest Warren, Jr. OSB No. 891384**
Attorney for Defendant

Page 1– Certificate of Service