Per C. Olson, OSB #933863
HOEVET OLSON HOWES, PC
1000 SW Broadway, Suite 1740
Portland, Oregon 97205
Telephone: (503) 228-0497
Facsimile: (503) 228-7112
Email: per@hoevetlaw.com

    Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT EVANS MAHLER,<br><br>    Defendant. | Case No. 3:16-CR-00105-AA<br><br>DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA<br><br>Oral Argument Requested |

Defendant, Robert Evans Mahler, through his attorney Per Olson hereby moves to withdraw his guilty plea, pursuant to FRCrP 11(d)(2)(B). Defendant requests that the Court schedule oral argument on this motion before the sentencing hearing currently scheduled for February 24, 2020.

Defendant presents two separate grounds for withdrawing his plea:

1. He was incorrectly advised that by pleading guilty in the middle of trial, his sentence would be lower than it would be with a jury verdict of guilty; and

2. When he pled guilty, he did not admit that he knew of his status as a person convicted of an offense punishable by more than a year in prison, which, as

Page 1 - DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740
PORTLAND, OREGON 97205
(503) 228-0497

established in the later decision of *United States v. Rehaif*, 139 S. Ct. 2191 (2019), is a material element of Felon in Possession of a Firearm.

## LEGAL STANDARDS

FRCrP 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty after the court accepts the plea, but before sentencing, if the "defendant can show a fair and just reason for requesting the withdrawal." In *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005), the Court held:

> "The defendant has the burden of demonstrating a fair and just reason for withdrawal of a plea, see Rule 11(d)(2)(B); however, the standard is applied liberally. See [*United States v. Garcia*, 401 F.3d, 1008, 1011 (9th Cir. 2005); *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004)]; *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir.1998); see also *United States v. Signori*, 844 F.2d 635, 637 (9th Cir.1988) (stating that a motion to withdraw a plea pre-sentence should be "freely allowed"). 'Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.' *Ortega-Ascanio*, 376 F.3d at 883 (emphasis added)."

"It is well-established that a defendant has no right to withdraw his guilty plea, and that a withdrawal motion is committed to the sound discretion of the district court." *United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988). The denial of a motion to withdraw is reviewed for an abuse of discretion. *Davis*, 428 F.3d at 805. In deciding the motion, the Court may consider whether withdrawal of the plea would result in prejudice to the government. *United States v. Vasquez-Velasco*, 471 F.2d 294 (9th Cir. 1973).

## DISCUSSION

### 1. Defendant Was Given Erroneous Legal Advice

An attorney's erroneous advice about the law or possible sentences may provide grounds for the withdrawal of a guilty plea. *See Davis*, 428 F.3d at 805-807 (defense

Page 2 - DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740
PORTLAND, OREGON 97205
(503) 228-0497

attorney's mischaracterization of possible sentence could constitute fair and just reason for withdrawal). The defendant is not required to show that his plea was invalid in order to establish a fair and just reason for withdrawal of the plea before sentencing. *Davis*, 428 F.3d at 806. That is, unlike a claim of ineffective assistance of counsel in a post-judgment proceeding, defendant is not required to prove that he was prejudiced by the erroneous advice. *Ibid*.

In *United States v. Bonilla*, 637 F.3d 980 (9th Cir. 2011), the defendant sought to withdraw his guilty plea to felon in possession of a firearm and possession of an unregistered firearm, on the ground that his lawyer failed to advise him that he would be deported as a result of the convictions. The Ninth Circuit reversed the district court's denial of the motion. "A defendant who moves to withdraw a guilty plea before a sentence is imposed is not required to show that he would not have pled, but only that the proper legal advice of which he was deprived 'could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty…'" *Bonilla*, 637 F.3d at 983, *quoting United States v. Garcia*, 401 F.3d 1008, 1011-12 (9th Cir. 2005).

Applying the "plausibly motivated" standard, the Court in *Bonilla* held that "[t]here can be no question that the immigration consequences about which Bonilla learned after entering a plea 'could have at least plausibly motivated a reasonable person in [the defendant's] position not to [plead] guilty…" *Id.* 986, *quoting Garcia*, 401 F3d at 1011-12. Thus, the Court held that the district court abused its discretion in failing to allow the withdrawal of the guilty plea. *Ibid*; *see also United States v. McTiernan*, 546 F.3d 1160,

Page 3 - DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740
PORTLAND, OREGON 97205
(503) 228-0497

1167 (9th Cir. 2008) ("Erroneous or inadequate legal advice may … constitute a fair and just reason for plea withdrawal.")

In this case, defendant pleaded guilty during the middle of the trial, after the government had rested in its case-in-chief. (Transcript of Change of Plea Hearing, Exhibit 1). Defendant's lawyer told him that he should plead guilty by admitting possession of one firearm in order to "cut his losses," that is, to lessen the sentence that would otherwise be imposed upon a guilty verdict. (Declaration of Robert Evans Mahler, Exhibit 3; see also Declaration of Alex Mahler, Exhibit 4). Counsel also told defendant that admitting that he possessed only one firearm would mean that he would be held responsible only for that firearm for purposes of sentencing. (Exhibit 3). The advice to defendant was that the jury was going to find him guilty and that pleading guilty to one gun would lower the sentence he otherwise would face.

As evidenced by the PSR and the government's sentencing memo (Document 163) counsel oversold the idea that defendant's sentence would be shorter if he pled guilty. Both the PSR and the government take the position that defendant is not entitled to any reduction in the guideline offense level for "acceptance of responsibility." (See PSR ¶¶ 23, 33; Gov. Sent. Memo., pg. 10). If the Court adopts that position, defendant will not receive even the two level reduction under USSG § 3E1.1(a).[1]

---

[1] Defendant does not concede that he is not entitled to a reduction for acceptance of responsibility in the event that the Court denies this motion and we proceed to sentencing. For purposes of this motion, the point is to emphasize that, in light of the circumstances of this case, defendant's challenge in convincing the Court to reduce the sentence for acceptance of responsibility is larger than what he understood at the time that he changed his plea to guilty.

Page 4 - DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740
PORTLAND, OREGON 97205
(503) 228-0497

Moreover, counsel's advice that admitting possession of only one firearm would limit his sentencing exposure was not accurate. Beyond defendant's admission in the plea colloquy, the Court has the power to make factual findings based on a preponderance of the evidence regarding relevant conduct. Here, the PSR and the government recommend a six-level increase under USSG § 2K2.1(b)(1)(C) based on a total of 41 firearms defendant is alleged to have possessed, including those found at the Daggett residence. (PSR ¶ 27; Gov. Sent. Memo., pg. 7-8). Again, without conceding the point, there is a significant risk that the Court will find defendant responsible for all 41 firearms, resulting in a guideline sentence that was is not in line with counsel's advice that, by pleading guilty to only one firearm, defendant would be limiting his sentence.

In sum, defendant pleaded guilty after his counsel advised him that doing so would reduce the sentence as compared to what he would receive after a jury verdict of guilty. The difference is the equivalent of at least eight levels, or about 36 months.[2] The difference is sufficiently large to establish that defendant was "plausibly motivated" to plead guilty in hopes of receiving the lesser sentence. In this circumstance, defendant has presented a "fair and just reason for requesting the withdrawal." Therefore, the motion should be granted.

---

[2] The PSR finds a total offense level of 26, which at Criminal History Category I, renders a guideline range of 63-78 months. By comparison, counsel's sentencing memorandum (Document 159), which reflects the advice he provided to defendant as to a break in sentencing, puts defendant at a total offense level 18 and a range of 27-33 months.

Page 5 - DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

Hoevet Olson Howes, PC
Attorneys at Law
1000 S.W. Broadway, #1740
Portland, Oregon 97205
(503) 228-0497

### 2. Defendant Did Not Admit to An Element of the Offense

The Court should allow defendant to withdraw his plea for the separate reason that defendant's plea colloquy rendered the plea invalid because he did not admit a material element of the offense, specifically, that he knew of his status that prohibited him from possessing a firearm. This argument follows from the United States Supreme Court decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019), decided after the change in plea.

In *Rehaif*, the defendant was charged with knowingly possessing a firearm as an alien unlawfully in the country. 18 USC § 922(g)(5). The jury was instructed that the government did not have to prove that Rehaif knew he was unlawfully in the country. But the Supreme Court reversed, holding that the statute's prohibition on "knowingly" violating Section 922(g), set forth in Section 924(a)(2), required the government to apply that *mens rea* element to each element of the offense, other than the jurisdictional element. The Court applied the principle that the term "knowingly" is normally read "as applying to all the subsequently listed elements of the crime." *Id*. at 2196, *citing Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009). Moreover, applying the scienter element to the status elements in Section 922(g) is necessary to ensure that a conviction rests on culpable, rather than otherwise innocent or innocuous conduct. *Id.* at 2197.

Mr. Mahler's status as having previously been convicted of a crime punishable by imprisonment for a term exceeding one year is also a "status element" that, under the reasoning of *Rehaif,* requires the government to allege and prove that the defendant knew about that status. Now that *Rehaif* has established that the *mens rea* element of

Page 6 - DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740
PORTLAND, OREGON 97205
(503) 228-0497

knowing attaches to the status elements in Section 922(g), the government must plead and prove that element. *See United States v. Martinez*, 800 F.3d 1293 (11th Cir. 2015) (error for court to deny motion to dismiss indictment that failed to allege that defendant intended to convey a threat, which element was read into the statute in *Elonis v. United States*, 135 S. Ct. 2001 (2015)); *United States v Omer*, 395 F.3d 1087, 1089 (9th Cir. 2005) (element of materiality of the falsehood in prosecution for bank fraud must be "alleged in the indictment," having been determined to be an element in *Neder v. United States*, 527 U.S. 1 (1999)).

An examination of the plea petition and the transcript of the change of plea hearing reveals that defendant did not admit that he knew of the status that prevented him from possessing a firearm. The plea petition (Exhibit 2) lists the elements of Felon in Possession of a Firearm that the government would be required to prove, as follows:

> "On or about January 19, 2016 – February 16, 2016, in the Dist[rict] of Oregon, being a felon, knowing possessing firearms." (Exhibit 2, page 2).

In paragraph 24 of the plea petition, defendant admits:

> "On or about [between] Jan. 19, 2016, between [*sic*] February 16, 2016, in the District of Oregon, after being convicted of a felony, [I] knowingly possessed a firearm and ammunition." (Exhibit 2, page 7).

In the plea colloquy, the Court described the elements as follows:

> "And you understand that you're going to plead guilty to the following elements: That on or about January 19, 2016, between that date and February 16, 2016, in the District of Oregon, you are a felon and you knowingly possessed firearms. * * * [A]nd they had all previously been transported in interstate commerce." (Exhibit 1, pgs 9-10).

Then, when the Court asked defendant if he admitted the elements, they were described as follows:

Page 7 - DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740
PORTLAND, OREGON 97205
(503) 228-0497

"Therefore, with respect to the charge to which you are pleading guilty, do you represent that you did the following acts and that the following facts are true – please listen carefully – on or about or between January 19, 2016, and February 16, 2016, in the District of Oregon, you, Robert Evans Mahler, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, specifically, on or about June 29, 1994, in the * * * United States District Court, District of Oregon, Case No. CR-92-00175-1-JO, false statement in acquisition of a firearm; and, two, on or about June 23, 1995, in the United States District Court, District of Oregon, Case No. CR-95-00022-1-HA for illegally exporting a defense article?"

"You knowingly and unlawfully possessed the following firearms * * *." (Exhibit 1, page 23).

In sum, defendant admitted that he knowingly possessed a firearm and that he had prior convictions for crimes punishable by imprisonment for a term exceeding one year; but he did not admit the necessary *mens rea* element associated with his status as a felon. That is, he did not admit that he knew he had the status of a person prohibited from possessing a firearm.

The plea colloquy may have been sufficient under the law that existed at the time. However, *Rehaif* changed the law. A subsequent change in the law affecting the elements of the offense to which the defendant pleads guilty is a legitimate ground to withdraw the plea. For example, in *United States v. Ortega-Ascanio*, 376 F.3d 879, 887 (9th Cir. 2004), the Court held that the district court should have allowed defendant to withdraw his plea of guilty to illegal re-entry on the ground that an intervening Supreme Court decision rendered his prior deportation unlawful, thus providing him with a "plausible ground for dismissal of his indictment." In *United States v. Garcia-Lopez*, 903 F.3d 887 (9th Cir. 2018), applying a plain error standard of review, the Court held that defendant should be permitted to withdraw his guilty plea to illegal re-entry predicated

Page 8 - DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740
PORTLAND, OREGON 97205
(503) 228-0497

on a prior "crime of violence," when subsequent case law rendered his prior California robbery conviction not a crime of violence.

> "A marked shift in governing law that gives traction to a previously foreclosed or unavailable argument may operate as a fair and just reason to withdraw a guilty plea." [*United States v. Ensminger*, 567 F.3d 587,592 (9th Cir. 2009)]. In such cases, a defendant "need not show that his [new arguments] will be successful on [their] merits." *United States v. McTiernan*, 546 F.3d 1160, 1168 (9th Cir. 2008). "His burden is [only] to show that proper advice could have at least plausibly motivated a reasonable person in [his] position not to have pled guilty had he known about [the new case law] prior to pleading." Id. (citation and internal quotation marks omitted); *see also Ensminger*, 567 F.3d at 591–92 (relevant inquiry is whether "marked shift in governing law" provides a "plausible ground for dismissal of [the] indictment" (citation and internal quotation marks omitted)); *United States v. Ortega-Ascanio*, 376 F.3d 879, 887 (9th Cir. 2004) (same).

*Garcia-Lopez*, 903 F.3d at 891.

In this case, the change of law affecting the material elements of the offense presents a fair and just reason for the Court to allow defendant to withdraw his guilty plea.

## CONCLUSION

The Court should grant defendant's motion to withdraw his guilty plea.

DATED this 5th day of February, 2020.

                                        HOEVET OLSON HOWES, PC

                                        _s/ Per C. Olson_
                                        Per C. Olson, OSB #933863
                                        Of Attorneys for Defendant

Page 9 - DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

HOEVET OLSON HOWES, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740
PORTLAND, OREGON 97205
(503) 228-0497